UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KELLY B. R., | ) |
| | ) |
|         *Plaintiff* | ) |
| | ) |
| v. | )     No. 2:20-cv-00339-JHR |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*,[1] | ) |
| | ) |
|         *Defendant* | ) |

*MEMORANDUM DECISION*[2]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ failed to evaluate the medical opinion evidence of record in accordance with 20 C.F.R. § 404.1520c(b)(3). *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 15) at 2-20. I find no error and, accordingly, affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Hum. Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2023, Finding 1, Record at 17; that she had the severe impairments of vision

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

syndrome and minor neurocognitive disorder status-post concussion, Finding 3, *id*. at 18; that she had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the nonexertional limitations that she had limited visual accommodation on the left but could avoid ordinary hazards in the workplace such as boxes on the floor, doors ajar, or approaching people or vehicles from the left side, could not perform commercial driving, should never be exposed to dangerous machinery or hazardous heights, and could understand, remember, and carry out simple instructions, Finding 5, *id*. at 24; that, considering her age (55 years old, defined as an individual of advanced age, on her alleged disability onset date, May 28, 2017), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 34; and that she, therefore, had not been disabled from May 28, 2017, her alleged onset date of disability, through the date of the decision, February 4, 2020, Finding 11, *id*. at 35.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past

relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Background

The ALJ noted that the plaintiff had suffered a concussion in a motorcycle accident on May 28, 2017, had complained of dizziness, imbalance, headaches, nausea, light sensitivity, impaired memory, difficulty concentrating, and word finding difficulties since then, and had been diagnosed with a vision syndrome and minor neurocognitive disorder status-post concussion. *See* Record at 25. In assessing the plaintiff's RFC, she considered multiple opinions of treating or evaluating sources as well as the prior administrative findings of six agency nonexamining consultants, discussing each in detail, *see id*. at 29-33.

Summarizing her observations, she deemed a June 27, 2017, opinion of John Colianni, M.D., "longitudinally unpersuasive[,]" *id*. at 29; much of a December 1, 2017, opinion of psychologist David Marks, Ph.D., unpersuasive, except that his underlying objective testing supported a finding that the plaintiff was "able to understand, remember, and carry out simple instructions[,]" *id*. at 29-30; a June 1, 2017, opinion of Susan Upham, M.D., that the plaintiff could return to work at regular duty not very persuasive, as the longitudinal record demonstrated that the plaintiff did have "some limitations[,]" *id*. at 30; various 2017 and 2018 opinions of Nathan Corbell, O.D., Elizabeth McNally, D.C., and Haley Girard, D.C., "for the most part[] unpersuasive with regard to the [plaintiff]'s longitudinal functioning" except insofar as they assessed "restrictions concerning hazards and limited visual accommodation on the left," *id*. at 30-31; an

April 26, 2018, opinion of John Glass, M.D., and a May 2, 2018, opinion of Cynthia Bailey, Ph.D., that the plaintiff had no physical or psychological functional limitations "not very persuasive, as the longitudinal record does indicate the [plaintiff] has some limitations[,]" *id*. at 31; a revised June 8, 2018, opinion of Dr. Glass that the plaintiff "could work full time with restrictions that should last for six months . . . not very persuasive" as it "did not concern the [plaintiff]'s longitudinal functioning[,]" *id*. at 31-32; "[m]uch of" an October 28, 2018, opinion of Rajesh K. Ethirai, M.D., "unpersuasive[,]" although the record "support[ed] some of the limitations Dr. Ethirai assessed, such as a restriction regarding heights," *id*. at 32; a November 13, 2018, opinion of James Whelan, Psy.D., "somewhat persuasive[,]" *id*.; the opinions of agency nonexamining consultants David R. Houston, Ph.D., Brian Stahl, Ph.D., and Elizabeth Bergmann-Harms, Ph.D., "regarding the [plaintiff]'s mental functioning . . . persuasive in part[,]" *id*. at 33; and the opinions of Donald Trumbull, M.D., Archibald Green, D.O., and Robert Hughes, M.D., "generally consistent with the evidence as a whole" and "somewhat persuasive," *id*.

### B. Analysis

The regulation on which the plaintiff relies provides, in relevant part:

(b) How we articulate our consideration of medical opinions and prior administrative medical findings. We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record. Our articulation requirements are as follows:

\*\*\*

(2) Most important factors. The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the

> factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.[3]
>
> (3) Equally persuasive medical opinions or prior administrative medical findings about the same issue. When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 404.1520c(b).

In her statement of errors, the plaintiff contended that the ALJ failed to discuss the "other factors" set forth in paragraphs (c)(3) through (c)(5) of 20 C.F.R. § 404.1520c as required when "more than one opinion, *even opinions arriving at opposite conclusions*, can be found to be persuasive based on the threshold requirement of persuasiveness[,]" precluding meaningful judicial review. Statement of Errors at 3-4; *see also id*. at 9 (arguing that "[t]he determination of persuasiveness is a binary, 'either or' analysis; an 'on-off switch[,]'" as a result of which, "[w]hen more than one opinion of record is persuasive (. . . even though those opinions might disagree in terms of their conclusion), the ALJ must then proceed to the second step of the new analysis to, in effect, 'break the tie,' by considering factors such as treatment relationship, type of treatment offered, whether the source is a medical specialist or has 'program knowledge,' etc.").

---

[3] The factors listed in paragraphs (c)(3) through (c)(5) are (i) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship, (ii) specialization, and (iii) other factors, including whether the medical source has familiarity with the other evidence in the claim or an understanding of the commissioner's disability program's policies and evidentiary requirements and whether evidence received subsequent to a medical opinion or prior administrative finding makes that opinion or finding more or less persuasive. *See* 20 C.F.R. § 404.1520c(c)(3)-(5).

Yet, as the commissioner argued in her brief, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 20) at 2-5, and the plaintiff's counsel conceded at oral argument, the regulations do not contemplate "an 'either/or' binary choice" that an opinion is either persuasive or unpersuasive, *see* 20 C.F.R. § 404.1520c(b) (requiring ALJs to determine *how persuasive* an opinion is, not *whether* it is persuasive).

Switching gears, the plaintiff's counsel nonetheless contended that the ALJ identified a number of "equally persuasive" opinions, obliging her to discuss the paragraph (c)(3)-(5) factors; for example, deeming the prior administrative findings of both Drs. Houston and Stahl "persuasive in part," the prior administrative findings of both Drs. Trumbull and Green "somewhat persuasive," and the opinions of Drs. Corbell, McNally, Girard, Glass, and Ethirai "for the most part . . . unpersuasive" or words to that effect ("not very persuasive" in the case of Dr. Glass, and "much of it . . . unpersuasive" in the case of Dr. Ethirai). Record at 30-33. The plaintiff's counsel also cited *Craig G. C. v. Saul*, No. 2:20-cv-00217-JDL, 2021 WL 2012307 (D. Me. May 20, 2021) (rec. dec., *aff'd* June 14, 2021), for the proposition that "reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway." *Craig G. C.*, 2021 WL 2012307, at *5 (citation omitted).

As counsel for the commissioner rejoined, merely using the same descriptor for two or more opinions (*e.g.*, "not very persuasive") does not render them "equally persuasive." The ALJ neither characterized any two or more opinions or administrative findings as "equally persuasive" nor made the underlying nuanced findings supporting such a characterization: that "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2)

of this section) but are not exactly the same[.]" 20 C.F.R. § 404.1520c(b)(3); *see also, e.g.*, Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017) ("Because the content of evidence, including medical opinions and prior administrative medical findings, varies with each unique claim, it would not be appropriate to set out a detailed rule for when this situation [of "equally persuasive" medical opinions or prior administrative findings] may occur. We expect that each adjudicator will use his or her discretion to determine when this situation occurs."). The plaintiff neither explains how, if at all, the ALJ abused her discretion in not making such findings on this record nor makes a persuasive case that she was independently required to discuss the paragraph (c)(3)-(5) factors to elucidate her analytical pathway.

In the absence of any error of law in the ALJ's failure to articulate findings concerning the paragraph (c)(3)-(5) factors, the plaintiff's bid for remand amounts to an unavailing request that the court reweigh the opinion evidence. *See, e.g.*, *Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand.").

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 23rd day of January, 2022.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge